UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL RAY HOLLOWAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:19-cv-00408-JMS-MJD |
| | ) |
| RICHARD BROWN, Warden of the Wabash Valley Correctional Facility, | ) ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana Department of Correction (IDOC) inmate Daniel Ray Holloway petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number BTC 18-10-0380. For the reasons explained in this Order, Mr. Holloway's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On October 30, 2018, IDOC Internal Affairs Officer B. Stroud wrote a Report of Conduct charging Mr. Holloway with the offense of bribing/giving, a violation of the IDOC's Adult Disciplinary Code offense B-233.[1] The Report of Conduct states:

> On 8/18/2018, at 9:43am offender Holloway, Daniel, #199455 wrote a J-Pay message to IDOC volunteer Lee Zimmerman. In this J-Pay message offender Holloway #199455 requests that volunteer Zimmerman place stamps on his account so that he may be able to continue to J-Pay. Per IDOC conduct this falls under a violation of 233-B Bribing / Giving

Dkt. 15-1.

Mr. Holloway was notified of the charge on November 1, 2018, when he received a copy of the conduct report and the screening report. Dkt. 15-7. He pled not guilty to the charge and indicated he would provide names of requested witnesses and identify requested evidence at a later time. *Id.* He never did so.

A hearing in IDOC disciplinary case number BTC 18-10-0380 was held on November 5, 2018. Dkt. 15-9. Mr. Holloway told the hearing officer that when he signed up for the mentorship program Mr. Zimmerman told him he could visit him and place stamps on his account. He added that neither of them thought doing so was a violation of IDOC policy. *Id.* Based on staff reports, Mr. Holloway's statement, and a confidential report from the IDOC Investigations and Intelligence office, *see* dkt. 16 (*ex parte* copy of IDOC investigatory report), the hearing officer found

---

[1] Investigators brought five disciplinary charges against Mr. Holloway. In his habeas corpus challenge to the charges, each was severed into a separate action. The instant action addresses a single disciplinary offense. *See* dkt. 3 (Order Directing Severance of Habeas Claims). The other four habeas actions are: 2:19-cv-00397-JPH-MJD (challenging BTC 18-10-0377); 2:19-cv-00406-JRS-DLP (challenging BTC 18-10-0378); 2:19-cv-00407-JRS-DLP (challenging BTC 18-10-0379); and 2:19-cv-00409-JRS-MJD (challenging BTC 18-10-0381).

"sufficient evidence for a guilty verdict." Dkt. 15-9 The hearing officer imposed sanctions that included a 90-day earned-credit-time deprivation and credit class demotion. *Id.*

Mr. Holloway appealed to the Facility Head who affirmed the hearing officer's decision. Dkt. 15-10. On further appeal to the IDOC Final Reviewing Authority, the charge was amended to add an "attempt" count, a B-240 offense, but amending the charge to be an attempt at bribing/giving had no effect on the sanctions. Dkt. 15-11. Mr. Holloway then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 2. The Warden has filed a return to the petition. Dkt. 15. Mr. Holloway did not file a reply.

**C.     Analysis**

Mr. Holloway sets out one claim for relief in his petition:

> I was written up five times because my mentor, Lee, added stamps to my e mail account. He didn't even add them 5 times. The disciplinary hearing board took 495 days and all my credit classes. They enhanced every penalty because of the previous one. Because it was one incident I feel like they could've just given me one write up and it never would've happened again. Instead they took years of my life and sent me to the SHU for 10 months. They took my liberty over something very petty.

Dkt. 2 at 5.

A specific due process claim is difficult to discern, and the petition does not have a specific demand for relief. *See id.* at 15 (no answer in space provided for requested relief). Mr. Holloway does not dispute his guilt to the amended charge for violating offense B-233 or for attempting to do so in violation of offense B-240.[2] The Warden construes Mr. Holloway's petition as making a challenge to the number of convictions imposed for a single event. Dkt. 8 at 2. In other words,

---

[2] Offense B-233 is titled Bribing/Giving and makes it a Class B offense to give or offer "a bribe or anything of value to a staff member, authorized volunteer, visitor or contractor or possessing, giving to or accepting from any person anything of value without proper authorization." Dkt. 8-12 at 7 (IDOC Adult Disciplinary Process appendix of offenses June 4, 2018).

3

Mr. Holloway seeks habeas corpus relief on double jeopardy grounds. The Court agrees with this restatement of Mr. Holloway's claim.

Unfortunately for Mr. Holloway, even if his separate disciplinary convictions arose from the same event, prison discipline cases are not subject to federal double jeopardy protections. *Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004) (citing *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). The Double Jeopardy clause of the United States Constitution applies only to criminal proceedings, and prison disciplinary matters are not criminal proceedings. *Decker v. Bell*, 772 F. App'x 339, 341 (7th Cir. 2019) (citing *Hudson v. United States*, 522 U.S. 93, 98-99 (1997); *Wolff*, 418 U.S. at 556).

But even more unfortunately for Mr. Holloway, the Warden asserts that Mr. Holloway is procedurally defaulted on any claim construed in this habeas action because in his administrative appeals, Mr. Holloway argued only that he did not think the "verdict and the sanctions" fit the incident. Dkt. 15 at 6, quoting dkt. 15-10 (facility appeal). In his administrative appeals, Mr. Holloway argued that when his mentor put stamps on Mr. Holloway's J-Pay account, it was not the same as providing him money or purchasing him phone time, and neither of them knew doing so was against IDOC rules and policies. Dkt. 15-10. There is no argument, suggestion, or inference that Mr. Holloway thought the event should have led to just one disciplinary charge instead of five. *Id.* The Court concurs with the Warden's assessment: Mr. Holloway did not raise the issues he presents in his petition to the Warden or the Final Reviewing Authority prior to filing this habeas corpus action. *See* dkts. 15-10 & 15-11.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus.  *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat*

4

*v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). This means the Court could not grant habeas corpus relief on Mr. Holloway's petition even if double jeopardy were a meritorious ground for relief.

Finally, if Mr. Holloway's ground for relief could also be construed as contending the sanctions were too severe for the conduct, such a claim would also fail. "[A] federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit," unless the sentence violates the Eighth Amendment by being an "extreme" punishment that is "grossly disproportionate" to the crime. *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). Although his sanction is the maximum set by IDOC policy for a Class B offense, *see* dkt. 15-13 (IDOC Policy and Administrative manual), it is not grossly disproportionate to that offense and, therefore, does not violate the Eighth Amendment. Mr. Holloway is thus not entitled to relief on this basis.

For these reasons, the petition for a writ of habeas corpus is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Holloway to the relief he seeks. Accordingly, Mr. Holloway's petition for a writ of habeas corpus challenging prison disciplinary case number BTC 18-10-0380 is **denied** and this action **dismissed** with prejudice. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 7/9/2020

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Daniel Ray Holloway
199455
Wabash Valley Correctional Facility – Inmate Mail/Parcels
6908 S. Old Us Hwy 41
P.O. Box 1111
Carlisle, In 47838

Marjorie H. Lawyer-Smith
Indiana Attorney General
marjorie.lawyer-smith@atg.in.gov

Monika P. Talbot
Indiana Attorney General
monika.talbot@atg.in.gov